IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEVON ENERGY PRODUCTION COMPANY, L.P., an Oklahoma limited partnership, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | Case No. CIV-20-636-F |
| LINE FINDERS, LLC, d/b/a LINE FINDERS, formerly LINE FINDERS INC., a Wyoming limited liability company, | ) ) ) ) ) ) | |
| Defendant. | ) | |

## ORDER

The court has an independent duty to inquire into its own subject-matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

The complaint alleges that the court has jurisdiction over this action based upon 28 U.S.C. § 1332 (diversity jurisdiction). Section 1332 provides that the court shall have original jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Upon review of the jurisdictional allegations, the court concludes they are insufficient to support the exercise of diversity jurisdiction.

The complaint alleges that defendant is a limited liability company. The citizenship of limited liability company is determined by the citizenship of all of its members. Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investment, II, LLC, f/k/a TRZ Energy, LLC, 887 F.3d 1003, 1014 (10th Cir. 2018).

The complaint alleges that "[u]pon information and belief, all of the members of Defendant are citizens of the State of Wyoming or a state other than the State of

Oklahoma." *See*, doc. no. 1, ¶ 2. "Diversity must be alleged with detail and certainty." Simmons v. Rosenberg, 572 F. Supp. 823, 825 (E.D.N.Y. 1983) (citation omitted). Therefore, the complaint must identify each of defendant's members and the state of citizenship for each of those members.[1] Alleging that the members are citizens of the State of Wyoming or a state other than the State of Oklahoma is not sufficient. *Id*. (merely averring that a party is a citizen of a state other than the State of New York is clearly insufficient to establish diversity jurisdiction).[2]

Accordingly, the court **DIRECTS** plaintiff, Devon Energy Production Company, L.P., the party invoking diversity jurisdiction, to file an amended complaint which supplies the missing jurisdictional information regarding the

---

[1] If a member of defendant is an individual, plaintiff must identify the individual's state of citizenship as opposed to the individual's state of residence. Residence is not the equivalent of citizenship. State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994); Walden v. Broce Const. Co., 357 F.2d 242, 245 (10th Cir. 1966). For any number of reasons, an individual can "reside" in one place but be domiciled in another place. For adults, domicile is established by physical presence in a place, coupled with an intent to remain there. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). A natural person is a citizen of the state in which he or she is domiciled. Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983). If a member of defendant is a business entity, then plaintiff must provide the appropriate jurisdictional information pertaining to that business entity. *See generally*, 15A James WM. Moore, Moore's Federal Practice, §§ 102.50-102.57 (3d ed. 2020). Plaintiff may provide the jurisdictional information based upon information and belief.

[2] The court recognizes that plaintiff alleges in the complaint that it is a limited partnership and then alleges that all of its partners and their members are citizens of the State of Oklahoma, without specifically identifying the partners and their members. *See*, doc. no. 1, ¶ 1. However, shortly after filing its complaint, plaintiff filed a corporate disclosure statement (doc. no. 4), which identifies plaintiff's two partners, DVN Operating Company, LLC and Devon OEI Operating, LLC. DVN Operating Company, LLC's sole member is Devon OEI Operating, LLC, whose sole member is Devon OEI Holdings, LLC. Devon OEI Holdings LLC's sole member is Devon Energy Corporation (Oklahoma), an Oklahoma corporation with its principal place of business in Oklahoma. The record thus establishes with detail and certainty that plaintiff is an Oklahoma citizen.

(cont'd. on next page)

members of defendant.³  Said amended complaint shall be filed no later than fourteen days from the date of this order.  Failure to comply may result in the dismissal of this action without prejudice.

      IT IS SO ORDERED this 8th day of July, 2020.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0636p001.docx

---

³ Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Tenth Circuit, after a case has run its course in the district court, to remand the case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.