IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEVON ENERGY PRODUCTION COMPANY, L.P., an Oklahoma limited partnership, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | Case No. CIV-20-636-F |
| LINE FINDERS, LLC, d/b/a LINE FINDERS, formerly LINE FINDERS, INC., a Wyoming limited liability company, | ) ) ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the court is defendant, Line Finders, LLC's Motion to Dismiss for Lack of Personal Jurisdiction, filed August 24, 2020. Doc. no. 15. The motion is fully briefed. *See*, doc. nos. 17 and 19. Upon due consideration of the parties' submissions, the court makes its determination.

I.

Plaintiff, Devon Energy Production Company, L.P., brings this diversity action against defendant, Line Finders, LLC, seeking declaratory and monetary relief. Specifically, plaintiff seeks a judicial declaration that under sections 5.A(1) and 5.B(1)(a) of the parties' Master Service and Supply Agreement Onshore and Maritime (the "MSSA"), defendant must defend, indemnify and hold plaintiff harmless from and against claims asserted in a demand letter by one of defendant's employees. According to plaintiff, defendant's employee was allegedly injured while performing services under the MSSA. Additionally, plaintiff seeks damages

from defendant for breach of the MSSA because of defendant's failure to perform its contractual obligations.

In its amended complaint, plaintiff alleges that "Section 5.D(9) of the MSSA expressly states that the '[Defendant] agrees that exclusive venue for the resolution of any dispute with [Plaintiff] hereunder is the federal and state courts located in Oklahoma County, Oklahoma. [Defendant] waives any right to bring an action hereunder in another state, parish, county, or country.'" Doc. no. 7, ¶ 14. Plaintiff also alleges that "Defendant is subject to personal jurisdiction of the United States District Court for the Western District of Oklahoma pursuant to its consent to this Court's jurisdiction in the exclusive forum-selection clause of the MSSA." *Id*. at ¶ 5.

Defendant, in its motion, seeks to dismiss plaintiff's action for lack of personal jurisdiction under Rule 12(b)(2), Fed. R. Civ. P. Defendant asserts that under section 5.D(9), the parties agreed that defendant may only sue plaintiff in Oklahoma, where the company resides. The contract, defendant contends, is silent about where plaintiff may sue defendant. Moreover, defendant asserts that section 5.D(9) "makes no reference to jurisdiction, much less feature defendant's consent to be sued in this Court." Doc. no. 15, at 2. Because it did not consent in section 5.D(9) to this court's exercise of personal jurisdiction over it and there is no other basis for the court to exercise general or specific personal jurisdiction over it, defendant maintains that plaintiff's case must be dismissed under Rule 12(b)(2).

II.

Personal jurisdiction can be waived. Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982). "[P]arties to a contract may agree in advance to submit to the jurisdiction of a given court[.]" National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 316 (1964) (citations omitted). "When parties consent to personal jurisdiction in a certain forum, there is

2

no need to analyze the forum state's long arm statute or the party's contacts with the forum state." Allegiant Marketing Group, Inc. v. Direct Innovations, LLC, Case No. CIV-15-40-D, 2015 WL 5038041, at *4 (W.D. Okla. Aug. 26, 2015); *see also*, Electronic Realty Associates, L.P. v. Vaughan Real Estate, Inc., 897 F. Supp. 521, 523 (D. Kan. 1995). The enforcement of a forum selection clause, freely negotiated and not unreasonable and unjust, does not offend due process. *See*, Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n. 14 (1985).

Upon review of section 5.D(9), the court concludes that defendant consented to litigate the alleged dispute between the parties in this forum. Section 5.D(9) states that "[defendant] agrees that *exclusive venue* for the resolution of *any dispute* with [plaintiff] *hereunder is* the *federal and state courts located in Oklahoma County, Oklahoma*." (emphasis added). Although it goes on to state that defendant, rather than plaintiff, waives any right to bring an action in another forum, the court concludes quite readily that the waiver provision is not a limitation on the first sentence. It is clear from the first sentence that defendant agreed to litigate any dispute under the MSSA–which would include this dispute–in this forum. Contrary to defendant's argument, the language at issue does more than limit where defendant may sue plaintiff.

The court agrees with plaintiff that the clause is a mandatory forum selection clause. Excell, Inc. v. Sterling Boiler & Mechanical, Inc., 106 F.3d 318, 321 (10th Cir. 1997) ("Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum. For example, *a clause stating venue for any dispute arising under or in relation to this contract shall lie only in the Seller's state and county, has been deemed mandatory*.") (internal quotations and citation omitted) (emphasis added); Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC, 953 F.3d 660, 673 (10th Cir. 2020) ("'*[W]here venue is specified [in a forum selection clause] with mandatory or obligatory language, the*

*clause will be enforced*; where only jurisdiction is specified [in a forum selection clause], the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive.'") (alterations in original and emphasis added) (quoting K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW"), 314 F.3d 494, 499 (10th Cir. 2002)); *see also*, Cardoni v. Prosperity Bank, Case No. 14-CV-0319-CVE-PJC, 2014 WL 3369334, at *6 (N.D. Okla. July 9, 2014) ("The agreement mandates that the 'exclusive' venue for any dispute arising out of the agreement is Texas, and this shows clear intent by the parties to litigate only in Texas.").

The court rejects defendant's argument that it did not consent to this court's jurisdiction because section 5.D(9) does not refer, in terms, to jurisdiction.  The court concludes that by agreeing that the federal and state courts located in Oklahoma County, Oklahoma were the "exclusive venue" for any dispute with plaintiff under the MSSA, it implicitly consented to the court's exercise of personal jurisdiction in those designated forums.  *See*, Asset Group, Inc. v. Corrugated Erectors, Inc., Case No. CIV-14-0435-F, 2014 WL 12817842, at *2 n. 1 (W.D. Okla. July 21, 2014) (Defendant "consented to jurisdiction in Oklahoma County, Oklahoma, in its contract with plaintiff when it agreed to the forum-selection clause.").  Section 5.D(9) clearly mandates the forums–federal and state courts located in Oklahoma, County, Oklahoma–where any dispute under the MSSA is to be resolved.  This court is in Oklahoma County, Oklahoma.[1]

---

[1] In its motion, defendant argues that section 5.D(9) is not a mandatory forum selection clause because the word "shall" is absent from its language.  Although the use of the term "shall" evidences that a forum selection clause is mandatory, *see*, American Soda, LLP v. U.S. Filter Wastewater Group, Inc., 428 F.3d 921, 927 n. 4 (10th Cir. 2005), the use of the word "exclusive" evidences that section 5.D(9) is mandatory.  *See*, K&V Scientific, 314 F.3d at 500 (calling the forum selection clause permissive because it referred only to jurisdiction and did not include terms such as "exclusive," "sole," or "only").

The court also rejects defendant's argument that section 5.D(9) is permissive because it is one-sided, omitting an exclusive forum where plaintiff must bring suit against defendant. While section 5.D(9) does not provide that "both parties" agree that the exclusive venue is the federal and state courts in Oklahoma County, Oklahoma, it does provide that defendant "agrees." Plaintiff is seeking to enforce section 5.D(9) against defendant to avoid dismissal under Rule 12(b)(2). And defendant states in its reply "[w]here courts are confronted with one-sided forum or venue selection clauses, they apply them only to the party who agreed to them." Doc. no. 19, ECF p. 3. In the case at bar, defendant agreed to a mandatory forum selection clause.

Forum selection clauses are prima facie valid and should be enforced unless shown to be unreasonable under the circumstances. M/S Bremen v. Zapata Offshore Co., 407 U.S. 1, 10 (1972). Defendant has not carried the heavy burden of showing that section 5.D(9) is unreasonable and unjust under the circumstances. *See*, Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d 953, 957 (10th Cir. 1992). The court therefore concludes that section 5.D(9) is enforceable against defendant and precludes dismissal under Rule 12(b)(2).

III.

Accordingly, defendant, Line Finders, LLC's Motion to Dismiss for Lack of Personal Jurisdiction (doc. no. 15), filed August 24, 2020, is **DENIED**.

IT IS SO ORDERED this 24th day of September, 2020.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0636p004.docx