# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEVON ENERGY PRODUCTION COMPANY, L.P., an Oklahoma limited partnership,<br><br>           Plaintiff,<br><br>-vs-<br><br>LINE FINDERS, LLC, d/b/a LINE FINDERS, formerly LINE FINDERS INC., a Wyoming limited liability company,<br><br>           Defendant. | Case No. CIV-20-636-F |

## **ORDER**

Before the court is defendant, Line Finders, LLC's Motion to Quash Plaintiff's Subpoenas, filed November 23, 2020. Doc. no. 31. Plaintiff, Devon Energy Production Company, L.P., has responded and defendant, Line Finders, LLC, has replied. Doc. nos. 34 and 35. The motion is therefore at issue.

On November 9, 2020, plaintiff filed two notices of subpoenas to Chesapeake Energy Corporation and Continental Resources, Inc. *See*, doc. nos. 28 and 29. The subpoena to Chesapeake Energy Corporation requires it to produce "[a]ll communications with Line Finders" and "[a]ll documents relating to Line Finders, including, but not limited to, all agreements with Line Finders." Doc. no. 28-1, pp. 5-6. The subpoena to Continental Resources, Inc., requires it to produce "[a]ll agreements and/or contracts with Line Finders." Doc. no. 29-1, p. 5. Defendant

moves to quash both subpoenas on the grounds that they seek information not relevant to plaintiff's claims and defendant's defenses and they seek commercial agreements containing confidential information. Defendant represents that it offered to waive the personal jurisdiction issue that plaintiff seeks to address by the subpoenas, but plaintiff refused to withdraw the subpoenas, citing "other reasons." Doc. no. 31, p. 2.

Plaintiff responds the subpoenas are directed to discovery of relevant information. Specifically, plaintiff asserts defendant's answer challenges personal jurisdiction and raises as affirmative defenses that the subject contract is void against public policy and plaintiff's claims are barred by the applicable anti-indemnity statute. The affirmative defenses, plaintiff contends, are based upon application of law other than Oklahoma, even though defendant agreed to the application of Oklahoma law in the contract at issue. Plaintiff maintains that its subpoenas will produce information which illustrates defendant has significant contacts with Oklahoma citizens for personal jurisdiction purposes and it has negotiated agreements, similar to the contract at issue, with Oklahoma choice of law provisions. In addition, plaintiff contends that the subpoenas are not overly broad or burdensome and maintains that defendant cannot rely on the rights of the third parties to challenge the subpoenas. Plaintiff further asserts defendant's alleged claim of confidential information is not specific enough to allow defendant to challenge the subpoenas.

In reply, defendant represents that plaintiff's response admits the subpoenas are aimed at issues of personal jurisdiction and choice of law. Defendant states that, "[a]s [it] told Plaintiff it would do," it "stipulates to the jurisdiction of this Court and the application of Oklahoma law to this dispute." Doc. no. 35, p. 2. Based upon this stipulation, defendant asserts that the subpoenas are no longer relevant to the claims and defenses of the parties. Further, defendant posits that because plaintiff

is seeking information for a 15-year period, it cannot easily identify specific confidential information regarding the commercial dealings with the third parties.

Upon review, the court finds that defendant's motion should be granted. "A subpoena served on a third party pursuant to Rule 45 of the Federal Rules of Civil Procedure is considered discovery within the meaning of the rules." <u>Ward v. Liberty Insurance Corporation</u>, Case No. CIV-15-1390-D, 2018 WL 991546, at *1 (W.D. Okla. Feb. 20, 2018) (citation omitted). "Accordingly, considerations of both relevance and proportionality govern the subpoenas at issue." *Id*. Plaintiff's response clearly indicates that the purpose of the third-party subpoenas is to seek information relevant to the issues of personal jurisdiction and choice of law. In light of defendant's stipulation, the court finds that those issues are no longer in the case and the information sought by plaintiff no longer has any relevance. *See*, *id*., at *2 (Relevance "has been broadly defined to include any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case.") (quotation omitted). Therefore, the court finds that the subpoenas to Chesapeake Energy Corporation and Continental Resources, Inc. should be quashed.

Accordingly, defendant Line Finders, LLC's Motion to Quash Plaintiff's Subpoenas, filed November 23, 2020 (doc. no. 31), is **GRANTED**.

Dated this 10th day of December, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0636p009.docx