## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

DEVON ENERGY PRODUCTION )
COMPANY, L.P., )
  )
     Plaintiff, )
  )    Case No. CIV-20-636-F
-vs- )
  )
LINE FINDERS, LLC, d/b/a LINE )
FINDERS, formerly LINE FINDERS, )
INC., a Wyoming limited liability )
company, )
  )
     Defendant. )

## ORDER

Plaintiff Devon Energy Production Company, L.P. (Devon) has moved for an award of attorneys' fees in the amount of $11,725.00 pursuant to Rule 54, Fed. R. Civ. P. Doc. no. 51. Defendant Line Finders LLC, d/b/a Line Finders (Line Finders) has responded in opposition to the motion, and Devon has replied. Doc. nos. 57 and 58. The motion is ready for determination.

I.

Devon contends that it is entitled to recover its attorneys' fees as the prevailing party relating to the enforcement of the Compromise and Settlement Agreement (Settlement Agreement).[1] The Settlement Agreement provides in pertinent part: "If

---

[1] On September 21, 2021, the court entered an order dismissing without prejudice Devon's remaining claims against Line Finders. Doc. no. 53. In that order, the court stated that "[e]ach party shall bear its own attorneys' fees and costs of litigation, unless otherwise ordered by the court, consistent with the terms of the Compromise and Settlement Agreement." *Id.*

any Party asserts a claim against another party to enforce the terms and conditions of this Agreement in any litigation, then the prevailing party shall be entitled to recover its reasonable litigation attorneys' fees, costs, and expense from the non-prevailing party." Doc. no. 41-1, § V, ¶ 5. Line Finders opposes any attorneys' fees award, arguing that Devon did not assert a "claim" to enforce the terms and conditions of the Settlement Agreement in this action. Rather, as Line Finders points out, Devon filed a motion to enforce the Settlement Agreement's terms and conditions. According to Line Finders, the term "claim" should be interpreted according to its technical meaning, and a "claim" must be asserted in a pleading, as set forth in Rule 7(a), Fed. R. Civ. P. Because Devon sought to enforce the Settlement Agreement by way of a motion rather than a claim in a pleading, Line Finders maintains that Devon cannot recover its attorneys' fees.

A settlement agreement is a contract. Russell v. Board of County Com'rs of Carter County, State of Oklahoma, 1 P.3d 442, 443 (Okla. Civ. App. 2000). "If the terms of a contract are unambiguous, clear and consistent, they are accepted in their plain and ordinary sense and the contract will be enforced to carry out the intention of the parties at the time it was negotiated." Whitehorse v. Johnson, 156 P.3d 41, 47 (Okla. 2007). The court concludes that the term "claim" is to be given its plain and ordinary meaning rather than any technical meaning, as urged by Line Finders. There is nothing to indicate that the parties intended the term to have a technical meaning.

The term "claim" is defined by Black's Law Dictionary (11th ed. 2019) as "[t]he assertion of an existing right[.]" It is also defined by Merriam-Webster, https://www.merriam-webster.com, as "a demand for something due or believed to be due" or a "right to something." The court finds that the term "claim" as used in the Settlement Agreement encompasses Devon's assertion by way of a motion of the right to enforce the terms and conditions Settlement Agreement that Line Finders

had failed to perform.[2]  In the court's view, Devon did not have to file a complaint or other pleading to recover reasonable attorneys' fees as the prevailing party.

## II.

Line Finders also challenges the reasonableness of the attorneys' fees requested by Devon.  First, it argues that Devon has engaged in "block billing" or "lumping," by combining multiple conferences and correspondence with reviewing documents, drafting and other tasks.  According to Line Finders, the court should follow the rulings of other courts and reduce the requested fee award by a fixed amount, such as 15%, to compensate for hours not properly recorded.

Upon review of the billing records, the court agrees with Line Finders that Devon has engaged in block-billing.  Although the billing records' "summaries of the tasks are quite specific," they "do not allocate the precise amounts of time spent on each particular task[.]"  Robinson v. City of Edmond, 160 F.3d 1275, 1285 (10th Cir. 1998).  Because the use of block-billing makes it difficult for the court to decide the amount of time spent on the specific tasks, the court finds that a general reduction of the requested attorneys' fees is warranted.  In the court's view, a general reduction of 15% is appropriate.  See, Silver Creek Investments, Inc. v. Whitten Construction Management, Inc., 307 P.3d 360, 367 (Okla. Civ. App. 2013) (finding a 15% across-the-board reduction of attorney fee warranted for block billing and rounding of hours).

## III.

In its response, Line Finders requests the court make an additional reduction of the requested attorneys' fees to account for Devon's counsel interoffice

---

[2] The court notes that Line Finders does not defend Devon's motion on the basis that the matter at issue was, at least in large part, the very existence of the Settlement Agreement, as opposed to an issue as to breach of one of the "internal" terms of the Settlement Agreement.  There is, therefore, no need to ponder that.

conferrals.  Line Finders argues that such conferrals warrant a reduction because it constitutes a duplication of effort by counsel.

At this time, the court is not convinced that any additional reduction of the requested attorneys' fees, is required.  The court intends to enter a judgment on the basis of a 15% general reduction for use of block-billing unless Line Finders files a notice, within seven business days, that it wishes to further litigate the reasonableness of the attorneys' fees sought by Devon, in which event, the court will set the matter for an evidentiary hearing.

IV.

Based upon the foregoing, the court finds Devon is entitled to recover reasonable attorneys' fees as the prevailing party to the motion to enforce the Settlement Agreement and **GRANTS** Devon's Motion for Award of Attorneys' Fees (doc. no. 51) to that extent.  A judgment on the basis of a 15% general reduction for use of block-billing will be entered, unless Line Finders files a notice, within seven business days, that it wishes to further litigate the reasonableness of the attorneys' fees sought by Devon, in which event, the court will set the matter for an evidentiary hearing.

IT IS SO ORDERED this 8th day of November, 2021.


STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE


20-0636p018.docx